DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, James Reece, appeals the judgment of the Summit County Court of Common Pleas. This Court dismisses Reece's appeal.
 I. {¶ 2} On August 19, 2005, Appellees, Cheree Budich and Tom Budich (hereinafter "the Budiches") were involved in a motor vehicle collision with Appellant, James Reece, who was driving a limousine for Hopkins Airport Limousine Service, Inc. ("Hopkins"). On August 21, 2007, the Budiches filed a complaint against Reece and Hopkins alleging that Reece, while in the course and scope of his employment with Hopkins, negligently caused a motor vehicle collision with the Budiches' vehicle.
 {¶ 3} On October 22, 2007, Hopkins and Reece filed a motion for summary judgment asserting that the complaint, which was filed on August 21, 2007, was untimely filed as the two *Page 2 
year statute of limitations for personal injury actions expired on August 20, 2007.[1] The Budiches deposed Reece on October 25, 2007. At the deposition, Reece testified that he was absent from Ohio for four days during the statute of limitations period. The Budiches filed a response to the motion for summary judgment on November 28, 2007. In their response, the Budiches argued that the statute of limitations should be tolled for four days under R.C. 2305.15.[2] Hopkins and Reece filed a reply brief on December 4, 2007. On December 13, 2007, the Budiches filed a surreply.
 {¶ 4} On February 4, 2008, the trial court granted summary judgment to Hopkins, finding that the complaint was untimely filed against it. The trial court denied summary judgment to Reece, finding that the statute of limitations was tolled because Reece had been absent from the state of Ohio for four days during the statute of limitations period.
 {¶ 5} Reece timely appealed the trial court's denial of summary judgment, raising three assignments of error for our review. The Budiches did not appeal the trial court's order granting summary judgment in favor of Hopkins. We have combined Reece's assignments of error to facilitate our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN DETERMINING THAT [THE BUDICHES'] COMPLAINT CONTAINED SEPARATE DIVISIBLE NEGLIGENCE CAUSES OF ACTION AGAINST REECE AND HOPKINS [.]" *Page 3 
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED IN HOLDING THAT AN EMPLOYEE-AGENT'S PERSONAL ABSENCE FROM THE STATE TOLLED THE STATUTE OF LIMITATIONS UNDER R.C. 2305.15 FOR THE SINGLE, UNIFIED NEGLIGENCE CAUSE OF ACTION ARISING FROM A PURE VICARIOUS LIABILITY RELATIONSHIP[.]"
 ASSIGNMENT OF ERROR III "THE TRIAL COURT ERRED IN FAILING TO HOLD THAT AN ADJUDICATION ON THE MERITS IN FAVOR OF THE PRINCIPAL HOPKINS FORECLOSES ANY CLAIM AGAINST THE AGENT REECE UNDER THE DOCTRINE OF RES JUDICATA[.]"
 {¶ 6} In Reece's assignments of error, he essentially contests the trial court's denial of his summary judgment motion. For the reasons that follow, we dismiss Reece's appeal for lack of a final, appealable order.
 {¶ 7} The decision of the trial court granting summary judgment in favor of Hopkins is a final, appealable order. However, Reece has appealed the trial court's denial of summary judgment to him, not the court's grant of summary judgment to Hopkins. As a general rule, thedenial of a motion for summary judgment is not a final, appealable order. Fraternal Order of Police, Akron Lodge No. 7 v. Akron, 9th Dist. No. 20646, 2002-Ohio-2649, at ¶ 5. The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV, Ohio Constitution. "For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ. R. 54(B), if applicable, must be satisfied." Konstand v. Barberton, 9th Dist. No. 21651, 2003-Ohio-7187, at ¶ 4, citing Chef Italiano Corp. v.Kent State Univ. (1989), 44 Ohio St.3d 86, 88. R.C. 2505.02(B)(1) provides that a final order is one "that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" Unless some exception to the general rule applies, such as an order made in a *Page 4 
special proceeding, the order is not final and appealable. SeeCelebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90.
 {¶ 8} The denial of Reece's motion for summary judgment did not determine the action or prevent a judgment, as R.C. 2505.02 requires for an order to be final and appealable. Id. No exception to this general rule applies. Therefore, the trial court's order denying Reece's motion for summary judgment is not final and appealable. Thus, we lack jurisdiction to review the trial court's order denying summary judgment. Id. The trial court's use of Civ. R. 54(B) language has no effect on the finality of that order with regard to its denial of summary judgment. See Jackson v. Columbus, 156 Ohio App.3d 114, 2004-Ohio-546, at¶ 9, citing Noble v. Colwell (1989), 44 Ohio St.3d 92, 95-97.
 {¶ 9} Therefore, Reece's appeal is dismissed.
 III. {¶ 10} The appeal is dismissed.
Appeal Dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
[1] The statute of limitations ran on Sunday, August 19, 2007. Accordingly, the filing deadline was Monday, August 20, 2007.
[2] Under R.C. 2305.15(A), after the action accrues, the statute of limitations tolls for the time during which a person "departs from the state, absconds, or conceals self". *Page 1