[Cite as *Garner v. Robart*, 2011-Ohio-1519.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| BERNARD GARNER | C. A. No. 25427 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| DON ROBART, ETC., et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellants | CASE No. CV 2009-01-0401 |

DECISION AND JOURNAL ENTRY

Dated: March 30, 2011

MOORE, Judge.

{¶1} Appellants, Don Robart, Susan Truby, Valerie Wax-Carr, and Virgil Arrington Jr. ("City Officials"), appeal from the judgment of the Summit County Court of Common Pleas that denied them the benefit of political subdivision immunity. This Court affirms.

I.

{¶2} For the sole purpose of providing a context for our discussion, we will recount the facts described in the trial court's judgment entry. Garner is a building and zoning inspector for the City of Cuyahoga Falls. He is supervised by Truby, the Deputy Director of Community Development. On July 14, 2006, Garner inspected temporary shelters at a "Rockin' on the River" event, which was coordinated by Robert Earley. Garner observed that many tents were anchored by uncovered, five-gallon buckets of water. Garner informed various vendors including Earley that the uncovered buckets posed a safety risk. Earley, a long-time friend of Robart, the mayor of Cuyahoga Falls, learned Garner's identity and contacted Robart. When

Robart arrived he, Lieutenant Gramley of the Cuyahoga Falls Police Department, Earley, and Garner all went to the "Green Room." A heated exchange occurred.

{¶3} Later, Garner was required to submit several memoranda related to the "Rockin' on the River" inspection and incident. Additionally, as part of its investigation, the city hired a private investigator to follow Garner and placed a GPS device on his city-issued vehicle. Subsequent to the investigation, the city terminated Garner's employment. An arbitrator ruled that Garner should be reinstated at the same classification and wage. He later suffered a stroke.

{¶4} Garner filed a suit against the City Officials. The City Officials filed a motion for summary judgment on the basis of political subdivision immunity. The trial court denied the motion.

{¶5} The City Officials timely filed a notice of appeal. They have raised four assignments of error for our review. Because the assignments of error are related, we review them together.

II.

### ASSIGNMENT OF ERROR I

"THE TRIAL COURT ERRED BY DENYING APPELLANT MAYOR DON ROBART THE BENEFIT OF IMMUNITY UNDER OHIO'S POLITICAL SUBDIVISION TORT LIABILITY ACT."

### ASSIGNMENT OF ERROR II

"THE TRIAL COURT ERRED BY DENYING APPELLANT SUSAN TRUBY THE BENEFIT OF IMMUNITY UNDER OHIO'S POLITICAL SUBDIVISION TORT LIABILITY ACT."

### ASSIGNMENT OF ERROR III

"THE TRIAL COURT ERRED BY DENYING APPELLANT VALERIE WAX-CARR THE BENEFIT OF IMMUNITY UNDER OHIO'S POLITICAL SUBDIVISION TORT LIABILITY ACT."

## ASSIGNMENT OF ERROR IV

"THE TRIAL COURT ERRED BY DENYING APPELLANT VIRGIL ARRINGTON THE BENEFIT OF IMMUNITY UNDER OHIO'S POLITICAL SUBDIVISION TORT LIABILITY ACT."

{¶6} In their four assignments of error, the City Officials collectively contend that each was denied the benefit of immunity under Ohio's political subdivision tort liability act. Upon the record before us, we must affirm the trial court.

{¶7} "As a general rule, the denial of a motion for summary judgment is not a final, appealable order." (Emphasis omitted.) *Budich v. Reece*, 9th Dist. No. 24108, 2008-Ohio-3630, at ¶7. R.C. 2744.02(C), however, provides that "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order." Accord *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, at ¶27. At this juncture, our appellate jurisdiction extends only to questions of immunity under R.C. 2744.02(C). See *Devaux v. Albrecht Trucking Co., Inc.*, 9th Dist. No. 09CA0069-M, 2010-Ohio-1249, at ¶7.

{¶8} This Court reviews a trial court's ruling on a summary judgment motion de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 12.

{¶9} Pursuant to Civ.R. 56(C), summary judgment is proper if:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

{¶10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. *Henkle v. Henkle* (1991), 75 Ohio App.3d 732, 735.

{¶11} In their summary judgment motion, the City Officials cited to *Anderson v. St. Francis – St. George Hosp.* (1992), 83 Ohio App.3d 221 for the proposition that "the moving party need not actually present evidence that no dispute remains, it must merely point out that no evidence has been produced to support the nonmoving party's claim." Id. at 224. However, as the moving parties, they actually bore

> "the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case. To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment." (Emphasis sic.) *Dresher*, 75 Ohio St.3d at 292-93.

{¶12} In their summary judgment motion, the City Officials quoted R.C. 2744.03(A)(6), the statutory subsection setting forth exceptions to immunity for employees of a political subdivision. Beyond a quotation of the statute, the argument, in its entirety, with respect to immunity is as follows:

> "Here, [Garner] has failed to provide sufficient evidence, in any [sic], to demonstrate that the individual [City Officials] are liable relative to [Garner's] intentional infliction of emotional distress claim or defamation claim, let alone that any are liable and acted in bad faith, wantonly, or recklessly, or outside the

scope of their official responsibilities. Furthermore, [Garner] does not cite any statute which would impose liability on [the City Officials] in contravention of Ohio's Sovereign Immunity Statute. Therefore, [Garner's] claim against individual [City Officials] must fail as a matter of law, as they are immune from said claims."

**{¶13}** The immunity portion of the summary judgment motion appears to be predicated upon the merits of Garner's claims for intentional infliction of emotional distress and defamation, issues that we cannot review at this time. See *Devaux* at ¶7. The City Officials did not direct the court to, or analyze, any evidence in the record in support of immunity. The City Officials did not direct the court to any evidence to carry their initial *Dresher* burden and were thus not entitled to summary judgment on the basis of political subdivision immunity as a matter of law. *Dresher*, 75 Ohio St.3d at 292-93. As a result, the corresponding duty on Garner's part to submit evidence demonstrating a genuine issue of material fact was never triggered. *Henkle*, 75 Ohio App.3d at 735. The City Officials' assignments of error are overruled.

III.

**{¶14}** The City Officials' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

CARLA MOORE
FOR THE COURT

DICKINSON, J.
BELFANCE, P. J.
CONCUR

APPEARANCES:

JOHN T. MCLANDRICH, and FRANK H. SCIALDONE, Attorneys at Law, for Appellants.

EDWARD L. GILBERT, and TRACEE D. HILTON-RORAR, Attorneys at Law, for Appellee.