[Cite as *Regions Bank v. Sabatino*, 2014-Ohio-580.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

REGIONS BANK

    Appellee

    v.

PAUL A. SABATINO

    Appellant

C.A. No.    27032

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010-12-8404

DECISION AND JOURNAL ENTRY

Dated: February 19, 2014

BELFANCE, Judge.

{¶1} Defendant-Appellant Paul Sabatino appeals from the judgment of the Summit County Court of Common Pleas which granted summary judgment to Plaintiff-Appellee Regions Bank. For the reasons set forth below, we affirm.

I.

{¶2} In December 2010, Regions Bank filed a complaint alleging that it was the holder of a credit agreement executed by Mr. Sabatino on December 29, 2005. A copy of the agreement was attached to the complaint. The agreement provided that AmSouth Bank would provide Mr. Sabatino with a $225,000 line of credit. The agreement was secured by a mortgage on real property located in Florida. The complaint further alleged that as of November 3, 2010, Mr. Sabatino was indebted to Regions Bank in the amount of $238,917.08 and that Mr. Sabatino was "in default" and "has failed and refused to repay" the balance due despite the fact that "demand has been made upon" Mr. Sabatino.

**{¶3}** While Mr. Sabatino, appearing pro se, filed motions in the trial court, he did not answer the complaint. After the time passed for answering, Regions Bank moved for default judgment, which the trial court granted without a hearing. Mr. Sabatino appealed, and this Court reversed, concluding that the trial court was required to hold a hearing prior to granting the motion for default judgment. *See Regions Bank v. Sabatino,* 9th Dist. Summit No. 25907, 2012-Ohio-4254, ¶ 10.

**{¶4}** Upon remand, Mr. Sabatino retained counsel and answered the complaint. Subsequently, Regions Bank filed a motion for summary judgment. Attached to the motion for summary judgment was the affidavit of the records custodian of Regions Bank, a copy of the agreement/note, a copy of the merger document of AmSouth Bank into Regions Bank, a copy of Region Bank's license to do business in the State of Ohio, and a copy of portions of a monthly statement from the line of credit. The custodian asserted that that Mr. Sabatino entered into a credit agreement with AmSouth Bank to obtain a $225,000 credit line, that AmSouth Bank merged into Regions Bank, that Regions Bank is the holder of the original note, and that Mr. Sabatino "defaulted * * * by failing to make payment when due[] and has failed to cure the default." Finally, the affiant indicated that the balance due on the loan as of November 4, 2010 was $238,917.08 plus interest.

**{¶5}** Mr. Sabatino opposed the motion, asserting that the agreement required Regions Bank to issue a notice of default prior to instituting collections and that there was no evidence that Regions Bank complied with that requirement. Mr. Sabatino also submitted an affidavit, averring that he did "not recall ever receiving a mailing from [Regions Bank] notifying [him] that [he] was in default before this lawsuit was filed at the address indicated on the credit agreement[.]" Regions Bank replied, asserting that that provision concerning notice of default

only applied to suspensions or reductions in the credit line, not terminations or accelerations such as the one at issue, and that, even if it did, the statement in Mr. Sabatino's monthly statement that his account was past due was sufficient to meet the requirement.

{¶6} The trial court ultimately granted Regions Bank's motion finding that notice of default was unnecessary given the language in the credit agreement concerning termination or acceleration of the loan. Mr. Sabatino has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING JUDGMENT IN FAVOR OF APPELLEE WHEN THERE WERE GENUINE ISSUES OF MATERIAL FACT.

{¶7} Mr. Sabatino asserts that the trial court erred in granting summary judgment to Regions Bank because there was no evidence presented that it ever sent him a notice of default at the address listed in the agreement.

{¶8} In reviewing a trial court's ruling on a motion for summary judgment, "[w]e apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011-Ohio-1519, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine

issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id*. at 293, quoting Civ.R. 56(E).

{¶9} Mr. Sabatino asserts that, pursuant to language in the agreement, prior to accelerating the balance of the loan, Regions Bank was required to provide him with notice of default. Mr. Sabatino maintains that such was a condition precedent to termination of the credit account and acceleration of the balance due and Regions Bank's failure to provide evidence of the same warrants the conclusion that it failed to meet its burden on summary judgment. *See LaSalle Bank, N.A., v. Kelly*, 9th Dist. Medina No. 09CA0067-M, 2010-Ohio-2668, ¶ 13- 14 (discussing conditions precedent involving a note and mortgage). It is true there are no allegations in the complaint asserting that Regions Bank satisfied any conditions precedent or that it sent any notices of default prior to filing the instant action seeking recovery of the entire balance owed. Additionally, the averments in the affidavit do not make those assertions. Thus, the question presented in this appeal is whether Regions Bank was required to provide Mr. Sabatino with notice of default prior to filing the action and if so, whether a dispute of fact exists as to whether it provided such notice.

{¶10} "When confronted with an issue of contract interpretation, our role is to give effect to the intent of the parties. We will examine the contract as a whole and presume that the intent of the parties is reflected in the language of the contract." *Sunoco, Inc. (R&M) v. Toledo Edison Co.,* 129 Ohio St.3d 397, 2011-Ohio-2720, ¶ 37. "In addition, we will look to the plain and ordinary meaning of the language used in the contract unless another meaning is clearly

apparent from the contents of the agreement.  When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties." *Id.*

**{¶11}**  Mr. Sabatino has based his argument entirely on the following paragraphs within the agreement; therefore, we will limit our analysis accordingly.

**{¶12}**  The provisions in the agreement at issue state as follows:

Lender's Rights.  Under this Agreement, we have the following rights:

Termination and Acceleration.  We can terminate your Credit Line Account and require you to pay us the entire outstanding balance in one payment, and charge you certain fees, if any of the following happen:  (1) You commit fraud or make a material misrepresentation at any time in connection with this Credit Agreement.  This can include, for example, a false statement about your income, assets, liabilities, or any other aspects of your financial condition.  (2) You do not meet the repayment terms of this Credit Agreement.  (3) Your action or inaction adversely affects the collateral for the plan or our rights in the collateral.  This can include, for example, failure to maintain required insurance, waste or destructive use of the dwelling, failure to pay taxes, death of all persons liable on the account, transfer or title or sale of the dwelling, creation of a senior lien on the dwelling without our permission, foreclosure by the holder of another lien, or the use of funds or the dwelling for prohibited purposes.

Suspension or Reduction.  In addition to any other rights we may have, we can suspend additional extensions of credit or reduce your Credit Limit during any period in which any of the following are in effect:

(1) The value of your property declines significantly below the property's appraised value for purposes of this Credit Line Account.  This includes, for example, a decline such that the initial difference between the Credit Limit and the available equity is reduced by fifty percent and may include a smaller decline depending on the individual circumstances.

(2) We reasonably believe that you will be unable to fulfill your payment obligations under your Credit Line Account due to a material change in your financial circumstances.

(3) You are in default under any material obligations of this Credit Line Account.  We consider all of your obligations to be material.  Categories of material obligations include the events described above under Termination and Acceleration, obligations to pay fees and charges, obligations and limitations on the receipt of credit advances, obligations concerning maintenance or use of the property or proceeds, obligations to pay and perform the terms of any other deed of trust, mortgage or lease of the property, obligations to notify us and to provide

documents or information to us (such as updated financial information), obligations to comply with applicable laws (such as zoning restrictions), and obligations of any comaker. No default will occur until we mail or deliver a notice of default to you, so you can restore your right to credit advances.

(4) We are precluded by government action from imposing the ANNUAL PERCENTAGE RATE provided for under this Agreement.

(5) The priority of our security interest is adversely affected by government action to the extent that the value of the security interest is less than one hundred twenty percent (120%) of the Credit Limit.

(6) We have been notified by governmental authority that continued advances may constitute an unsafe and unsound business practice.

\* \* \*

Notices. All notices will be sent to your address as shown in this Agreement. Notices will be mailed to you at a different address if you give us written notice of a different address. You agree to advise us promptly if you change your mailing address.

{¶13} As noted above, Mr. Sabatino focuses his entire argument on the above quoted paragraphs and does not argue that any other state or federal laws provide him with additional protections. *See* App.R. 16(A)(7). Further, Mr. Sabatino has not asserted that any other documents are necessary to analyze the parties' relationship and duties.[1] *See id.* Accordingly, in light of the very limited arguments made below, and on appeal, our focus remains on the above quoted paragraphs of the agreement.

{¶14} The termination and acceleration paragraph provides in part that Regions Bank "can terminate [Mr. Sabatino's] Credit Line Account and require [him] to pay [Regions Bank]

---

[1] While we are aware that the section of the agreement entitled "Interpretation" indicates that Mr. Sabatino "agree[s] that this Agreement, together with the mortgage or deed of trust, is the best evidence of [his] agreements with [Regions Bank,]" and no mortgage or deed of trust is part of the record below or on appeal, neither side has made any argument asserting that the mortgage or deed of trust is necessary to interpret the parties' agreement. *See* App.R. 16(A)(7).

the entire outstanding balance in one payment, and charge you certain fees, if * * * [Mr. Sabatino does] not meet the repayment terms of this Credit Agreement." The records custodian averred that Mr. Sabatino "defaulted * * * by failing to make payment when due[] and has failed to cure the default." The portion of the monthly statement from 2009 accompanying the records custodian's affidavit indicates that Mr. Sabatino's account was past due $6,924.74, the total account balance was $238,917.08, and the minimum payment due June 9, 2009, was $7,808.90.

{¶15} The provision that Mr. Sabatino contends requires Regions Bank to provide a notice of default is not located within the termination and acceleration section but instead is found within the section dedicated to suspension or reductions in the line of credit. The suspension or reduction section permits the bank to suspend additional extensions of credit or reduce the amount of credit extended for multiple reasons, including a default in the material obligations of the agreement. In that regard, the suspension and reduction section of the agreement states that all of the borrower's obligations are deemed material although no default will be deemed to occur unless notice of default is mailed or delivered to the borrower. Mr. Sabatino suggests that, since notice of default is required for suspensions or reductions of credit, it follows that notice of default is required for termination and acceleration of the obligation. It is true that the suspension and reduction provision's definition of default includes the nonpayment of the obligation and nonpayment also permits termination and acceleration of the amount due under the termination/acceleration section of the agreement. However, upon close examination of these provisions of the credit agreement, a notice of default is expressly required only with respect to the suspensions or reductions in credit. Moreover, from the language in the agreement it appears that the reason for providing Mr. Sabatino with notice of default would be so that he "can restore [his] right to credit advances[,]" a situation that would be inapplicable

when the bank was seeking to terminate and accelerate the entire balance due. There is nothing in these provisions to suggest that notice of default is required outside the context of suspensions or reductions in the line of credit. Given that Mr. Sabatino's argument is limited to asserting that these provisions in the agreement required a notice of default prior to acceleration and collection of the debt, we see no merit in it for the reasons stated above. Mr. Sabatino has not otherwise explained why the trial court erred in granting summary judgment to Regions Bank or argued that there was any other legal basis for requiring a notice of default prior to Regions Bank instituting collections, and, thus, his assignment of error is overruled.

III.

{¶16} In light of the foregoing, we affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JOHN SHERROD and PAUL VINCENT, Attorneys at Law, for Appellant.

MATTHEW G. BURG, Attorney at Law, for Appellee.