[Cite as *Riley v. Wayne Mut. Ins. Co.*, 2014-Ohio-1818.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CALVIN RILEY

      Appellant

      v.

WAYNE MUTUAL INSURANCE
COMPANY

      Appellee

C.A. No.     27142


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2013-02-1130

DECISION AND JOURNAL ENTRY

Dated: April 30, 2014

---

BELFANCE, Presiding Judge.

{¶1} Plaintiff-Appellant, Calvin Riley, appeals from the judgment of the Summit County Court of Common Pleas, granting summary judgment in favor of Wayne Mutual Insurance Company ("Wayne Mutual"). This Court reverses.

I.

{¶2} Mr. Riley purchased an insurance policy from Wayne Mutual to insure rental property he owned at 1338 Sunrise Drive in Akron. In May 2012, Mr. Riley renewed his policy for the period of May 26, 2012, to May 26, 2013. On September 19, 2012, Mr. Riley incurred fire damage on the property. He notified Wayne Mutual, and Wayne Mutual conducted an investigation. While investigating Mr. Riley's claim, Wayne Mutual discovered that his rental property had been vacant since November 2011. On October 18, 2012, Wayne Mutual notified Mr. Riley that it was denying his claim because, under the terms of his policy, Wayne Mutual

was not liable for loss occurring while his rental property was "vacant or unoccupied beyond a period of sixty consecutive days."

{¶3} On February 22, 2013, Mr. Riley filed a complaint against Wayne Mutual, alleging breach of contract and bad faith. Wayne Mutual responded and later filed a motion for summary judgment on the basis of the foregoing policy exclusion. Mr. Riley then filed a brief in opposition, and Wayne Mutual filed a reply brief. The trial court granted summary judgment in favor of Wayne Mutual on the basis of the policy exclusion.

{¶4} Mr. Riley now appeals from the trial court's judgment and raises two assignments of error for our review. For ease of analysis, we reorder the assignments of error.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT ALLOWED THE APPELLEE TO DENY THE APPELLANT'S COVERAGE BASED ON PROVISIONS IN THE INSURANCE CONTRACT WHEN SUCH CONTRACT WAS NEVER DELIVERED TO THE APPELLANT.

{¶5} In his second assignment of error, Mr. Riley argues that the trial court erred by granting Wayne Mutual's motion for summary judgment because Wayne Mutual never demonstrated that it delivered a copy of Mr. Riley's policy to him, such that he would have had actual notice of any policy exclusions. Under the circumstances presented to us in this appeal, we agree that summary judgment was improper.

{¶6} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011-Ohio-1519, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 293, quoting Civ.R. 56(E).

{¶7} "'A contract of insurance is consummated upon the unconditional acceptance of the application of the insured by the insurer.'" *Henderson v. Lawyers Title Ins. Corp.*, 108 Ohio St.3d 265, 2006-Ohio-906, ¶ 14, quoting *Hartford Fire Ins. Co. v. Whitman*, 75 Ohio St. 312, 319 (1906). Actual delivery of the policy is not necessary to effectuate the contract. *Whitman* at 319. "'It is sufficient if one party proposes to be insured, and the other party agrees to insure, and the subject, the period, the amount, and the rate of insurance is ascertained or understood, and the premium paid if demanded.'" *Henderson* at ¶ 15, quoting *Eames v. Home Ins. Co.*, 94 U.S. 621, 629 (1877). Yet, the policy will only be "binding to the extent that it contains the usual and customary terms found in similar insurance policies." *Henderson* at ¶ 17. *Accord Newark Machine Co. v. Kenton Ins. Co.*, 50 Ohio St. 549, 556 (1893) ("[W]here nothing is said, in the negotiation for insurance, about special rates or conditions, it may be presumed that those which were usual and customary were intended.").

{¶8} Mr. Riley did not attach a copy of his insurance policy to his complaint for breach of contract. Instead, his complaint indicated that a copy of the policy was not attached because

Wayne Mutual "did not deliver a copy of the policy to [him]." *See* Civ.R. 10(D). Wayne Mutual, in its answer, did not deny Mr. Riley's assertion. Instead, it stated that it was without knowledge or information sufficient to form a belief as to the truth of Mr. Riley's allegation.

{¶9} In moving for summary judgment, Wayne Mutual also did not include a copy of Mr. Riley's insurance policy. Wayne Mutual only included a generic photocopy of its Fire and Extended Coverage Policy and indicated by way of affidavit that it was the policy in effect for the period of May 26, 2012, to May 26, 2013. Neither Mr. Riley's initials, nor his signature appear on the copy of the policy Wayne Mutual filed. Moreover, Wayne Mutual's affiant, Phyllis Paul, only averred that Wayne Mutual issued Mr. Riley a policy of fire and extended property coverage. Ms. Paul did not aver that Wayne Mutual ever gave Mr. Riley a copy of his policy. She also failed to elaborate as to the conditions under which Mr. Riley entered into his policy (e.g., whether he physically signed a contract with Wayne Mutual or whether the policy was issued in some other manner). The only paperwork specific to Mr. Riley that Ms. Paul attached to her complaint was a three-page copy of his fire and extended coverage policy declarations, declaring that he had renewed his policy for the period of May 26, 2012, to May 26, 2013. The declaration page, however, says nothing about any policy exclusions.

{¶10} Along with his brief in opposition to summary judgment, Mr. Riley filed an affidavit in which he averred that he "never received the insurance policy * * * attached to the affidavit of Phyllis M. Paul." Mr. Riley averred that he only received the three-page copy of his fire and extended coverage policy declarations that was attached to Ms. Paul's affidavit and the bill for his policy. He further averred that he "always assumed that the [rental property] was covered and that [his] claim was correct and justified." Mr. Riley alleged in his brief in opposition that, during discovery, he had "requested a copy of any cover letter [from Wayne

Mutual indicating] that [it had] sent [him] the entire policy," but that Wayne Mutual had not produced one because such a letter "did not exist." Mr. Riley argued that, because Wayne Mutual never gave him a copy of his policy, he could not be bound by one of its specific exclusions. In response, Wayne Mutual did not produce evidence that it had sent Mr. Riley a copy of his policy or that Mr. Riley had signed the policy, such that he would have had an opportunity to review it. Instead, Wayne Mutual argued that, by law, delivery of an insurance policy is not required in order to effectuate it. It maintains the same position on appeal.

{¶11} This Court is troubled by Wayne Mutual's failure to dispute, in any way, Mr. Riley's averment that he has never been given a copy of his insurance policy. We agree that actual delivery is not necessary to effectuate a contract for insurance, *see Whitman*, 75 Ohio St. at 319, but that law is not without its limitations. The case of *Henderson v. Lawyers Title Ins. Corp.*, 108 Ohio St.3d 265, 2006-Ohio-906, is instructive.

{¶12} In *Henderson*, the Hendersons signed a purchase agreement for a house and agreed with the sellers to split the cost of the premium on an owner's policy of title insurance. The real estate broker for the transaction asked Lawyers Title Insurance to issue a commitment for the title insurance. In turn, Lawyers Title Insurance delivered a commitment for title insurance to the Hendersons' mortgage lender. The Hendersons closed on the property and received their title insurance policy after the closing occurred. *Henderson* at ¶ 2. Subsequently, they filed suit against Lawyers Title Insurance, and the company sought to invoke the arbitration clause in the Hendersons' policy. The Hendersons agreed that they had formed a valid contract for title insurance, but argued that they were not bound by the arbitration clause in their policy. *Id.* at ¶ 4-5. On appeal, the Supreme Court considered whether the Hendersons were bound by

the arbitration provision, given that their insurance policy was not delivered to them in advance of its effective date. *Id.* at ¶ 13-36.

{¶13} The Supreme Court held that delivery was not essential to the formation of the Hendersons' contract because a valid contract was formed when Lawyers Title Insurance accepted the Hendersons' request for title insurance. *Id.* at ¶ 16. Even so, the Supreme Court held that, absent delivery, the policy was only binding to the extent it contained "the usual and customary terms found in similar insurance policies." *Id.* at ¶ 17. The Court noted that there was no proof in the record that arbitration clauses were usual and customary terms in title insurance policies, as the vice president of Lawyers Title Insurance had testified that not all of its policies had arbitration provisions. *Id.* at ¶ 18-22. The Court further noted that the Hendersons had already paid their premium and had already purchased their home by the time they received a copy of their policy and there was "no basis upon which notice of the arbitration clause [could have been] imputed to [them] prior to their receipt of the actual policy." *Id.* at ¶ 31. Consequently, the Court held that, while the Hendersons had a valid contract with Lawyers Title Insurance, they were not bound by the arbitration provision set forth in their policy. *Id.* at ¶ 36.

{¶14} We acknowledge that the characteristics of title insurance coverage are distinct from the characteristics of property insurance coverage. *See id.* at ¶ 34-35. Yet, the cases upon which the *Henderson* Court relied pertain to property insurance as well. *See Newark Machine Co*, 50 Ohio St. 549; *Eames*, 94 U.S. 621. Those cases stand for the proposition that an insurance contract can be formed absent delivery of the policy, but, absent proof that the parties negotiated for specific terms, the terms of an undelivered policy are those that are usual and customary to those types of insurance policies. *See Newark Machine Co.* at paragraphs two and three of the syllabus; *Eames* at 629. As previously noted, the policy exclusion upon which

Wayne Mutual relied in this case stated that Wayne Mutual was not liable for loss occurring while Mr. Riley's rental property was "vacant or unoccupied beyond a period of sixty consecutive days." The question then is whether Wayne Mutual was entitled to summary judgment because it demonstrated that (1) it sent Mr. Riley his policy or gave him the opportunity to review it, (2) Mr. Riley and Wayne Mutual specifically negotiated for the vacancy exclusion, or (3) vacancy exclusions are usual and customary in policies of fire and extended property coverage. *See Newark Machine Co.* at paragraphs two and three of the syllabus; *Eames* at 629.

{¶15} In the record before us, there is no evidence that Mr. Riley had access to his policy and simply chose not to read it. *Compare Union Cent. Life Ins. Co. v. Hook*, 62 Ohio St. 256 (1900) (insured bound by terms of policy, whether he read it or not, when policy was in his possession for nine years). Likewise, there is no evidence that Mr. Riley had the opportunity to review his policy at signing, if he chose to exercise that option, and simply failed to do so. *Compare Melia v. OfficeMax North Am., Inc.*, 8th Dist. Cuyahoga No. 87249, 2006-Ohio-4765, ¶ 21-23. Mr. Riley specifically averred in his affidavit that he never received the insurance policy upon which Wayne Mutual was relying to exclude coverage. Wayne Mutual failed to present any evidence to the contrary. Further, Wayne Mutual failed to present any evidence that vacancy exclusions are usual and customary in policies of fire and extended property coverage. *See Henderson*, 108 Ohio St.3d 265, 2006-Ohio-906, at ¶ 18-22. *Compare Avemco v. Eaves*, 67 Ohio App.3d 563, 569 (4th Dist.1990) (policy exclusion in undelivered policy excluding coverage while student pilot is transporting passengers effective where insurer's agent provided uncontroverted testimony that a standard policy had been issued, exclusion was standard in the aviation industry, and the FAA specifically forbids student pilots from flying with passengers).

{¶16} The trial court determined that Wayne Mutual was entitled to summary judgment because Mr. Riley's policy "clearly exclude[d] coverage under the circumstances present in this case" and Mr. Riley failed to offer any evidence to create a genuine issue of material fact. Yet, Mr. Riley set forth in his affidavit that he never received a copy of his policy from Wayne Mutual, that he paid his fire insurance premium, and that he assumed his rental property was insured. Wayne Mutual failed to rebut Mr. Riley's affidavit with any evidence. Instead, it argued that, by law, it was not required to deliver Mr. Riley's policy to him and, even in the absence of delivery, all policy exclusions were binding. Based on the record before us, we cannot conclude that summary judgment was proper, as a genuine issue of material fact exists as to whether Mr. Riley is bound by the vacancy exclusion upon which Wayne Mutual relied to deny his claim. *See Henderson* at ¶ 14-22. *See also White Estate of Rolland v. Ina Ins. Co.*, 7th Dist. Mahoning No. 81 C.A. 136, 1982 WL 6113, *2 (Mar. 24, 1982). Mr. Riley's second assignment of error is sustained on that basis.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT DID NOT APPLY THE DOCTRINE OF WAIVER AS TO THE RESTRICTION OF COVERAGE IF THE STRUCTURE AS (sic) VACANT OR NOT OCCUPIED FOR 60 DAYS.

{¶17} In his first assignment of error, Mr. Riley argues that the trial court erred by granting Wayne Mutual's motion for summary judgment because, by accepting his premium payments and renewing his policy, Wayne Mutual waived the policy exclusion regarding vacancy. Based on our resolution of Mr. Riley's second assignment of error, his first assignment of error is moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

III.

{¶18} Mr. Riley's second assignment of error is sustained, and his first assignment of error is moot. The judgment of the Summit County Court of Common Pleas is reversed, and the cause is remanded for further proceedings consistent with the foregoing opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

STEVEN E. HILLMAN, Attorney at Law, for Appellant.

JAMES F. MATHEWS, Attorney at Law, for Appellee.