NEUENSCHWANDER et al., Appellants,

v.

WAYNE COUNTY CHILDREN SERVICES BOARD, Appellee.

[Cite as *Neuenschwander v. Wayne Cty. Children Serv. Bd.* (1994), 92 Ohio App.3d 767.]

Court of Appeals of Ohio,
Wayne County.

No. 2808.

Decided Feb. 2, 1994.

*Barbara Belovich Chadwell,* for appellants.

*David G. Utley,* for appellee.

DICKINSON, Judge.

Plaintiffs Dean and Patsy Neuenschwander have appealed from a judgment of the Wayne County Court of Common Pleas that dismissed their complaint against the Wayne County Children Services Board and two of the board's employees. The trial court concluded that plaintiffs had failed to state a claim against defendants upon which relief could be granted. Plaintiffs have appealed to this court and have argued: (1) that the trial court incorrectly concluded that they failed to state a negligence claim against defendants for refusing to investigate a charge they filed with the board alleging that their granddaughter had been sexually abused, and (2) that the trial court incorrectly concluded that they failed to state a claim upon which relief could be granted when they had requested a declaratory judgment "ordering that [defendants] conduct an investigation" of the charge they had filed with the board. This court affirms the judgment of the trial court because the averments of plaintiffs' complaint, if true, did not show that defendants violated any duty owed plaintiffs and because plaintiffs failed to allege a justiciable controversy that entitled them to a declaratory judgment.

## I

According to the averments of the Neuenschwanders' complaint, commencing in approximately April 1992, the Wayne County Children Services Board and the Orrville Police Department conducted an investigation of a charge that their granddaughter had been sexually abused. That charge, according to the Neuenschwanders, was filed by the child's mother, their daughter-in-law. Mr. Neuenschwander was apparently viewed as a suspect during that investigation, but no criminal charges were filed against him.

According to the Neuenschwanders, they were repeatedly told during that investigation that representatives of the children services board believed the child had been abused. The Neuenschwanders claim that Mr. Neuenschwander was eventually "ruled out as the alleged abuser."

On June 18, 1992, the Neuenschwanders filed their own charge with the children services board that their granddaughter had been sexually abused. According to the averments of their complaint in this case, the Neuenschwanders' charge was "premised" on "observations they had made of their granddaughter, vaginal infections that the child had since she was a baby," and comments of various employees of the children services board. According to the Neuenschwanders, the children services board failed to conduct an investigation of their charge.

The Neuenschwanders' complaint in this action included three "counts." By "Count 1," they asserted that defendants were negligent in failing to investigate their charge "in violation of Ohio Revised Code Section 2151.421." By "Count 2," they asserted that defendants were negligent in the way they conducted the investigation of the initial allegations of child abuse of their granddaughter and that, as a result, they had "suffered severe emotional distress, embarrassment, humiliation and pain and suffering." By "Count 3," they asserted that the children services board and the board's director had been negligent in failing to train board employees "in how to properly conduct an investigation of child abuse or endangerment." Based upon their averments, the Neuenschwanders demanded "a declaratory judgment against Defendants ordering that they conduct an investigation" and judgment "in the amount of $500,000.00 together with interest thereupon plus the costs of this action * * *."

## II

Although "Count 2" of the Neuenschwanders' complaint appears to have been addressed to the handling of the investigation of the initial charge, their counsel specifically stated at the oral argument in this case that "nothing in this lawsuit is an attempt to recover for anything related to the initial investigation." The issue

presented by this appeal, therefore, is whether the Neuenschwanders set forth claims in their complaint regarding their charge to the children services board upon which relief could be granted.

## A

The Neuenschwanders' first assignment of error is that the trial court incorrectly concluded that they had failed to set forth a negligence claim upon which relief could be granted. The basis of their negligence claim was that the defendants had violated R.C. 2151.421 by refusing to conduct an investigation based upon their charge. That violation, according to plaintiffs, was negligence *per se.*

A necessary prerequisite to a successful negligence claim is a duty owed plaintiffs by the defendants. See *Hill v. Sonitrol* (1988), 36 Ohio St.3d 36, 521 N.E.2d 780. One possible source of such a duty is a legislative enactment. "The violation of any specific legislative enactment enacted for the protection of private persons is of itself such a breach of duty as to constitute negligence." (Citation omitted.) *Eisenhuth v. Moneyhon* (1954), 161 Ohio St. 367, 372, 53 O.O. 274, 277, 119 N.E.2d 440, 443. It is not enough, however, that a defendant violated a statute and that the violation resulted in an injury to the plaintiff. The plaintiff must also show that the duty imposed by the statute was for the plaintiff's benefit:

"In an action for neglect of duty it is not enough for the plaintiff to show that the defendant neglected a duty imposed by statute, and that he would not have been injured if the duty had been performed, but to entitle him to recover, he must further show that such duty was imposed for his benefit, or was one which the defendant owed to him for his protection and security, from the particular loss or injury of which he complains." (Citations omitted.) *Hocking Valley Ry. Co. v. Phillips* (1910), 81 Ohio St. 453, 462, 91 N.E. 118, 120.

In order for the Neuenschwanders to have set forth a claim of negligence *per se* based upon defendants' alleged violation of R.C. 2151.421, therefore, they would have to fall within the class of individuals that statute was designed to protect.

In *Brodie v. Summit Cty. Children Serv. Bd.* (1990), 51 Ohio St.3d 112, 554 N.E.2d 1301, the Ohio Supreme Court considered R.C. 2151.421 in a slightly different context. The plaintiff in that case was the guardian *ad litem* of a child who had allegedly been injured as the result of a violation of R.C. 2151.421 by the Summit County Children Services Board. One of the issues considered by the Supreme Court was whether the board was protected from liability by the "public duty doctrine." Pursuant to the "public duty doctrine," an individual cannot

recover based upon an agency's violation of a statute if that statute imposes a duty only "to the public" as opposed to an individual or an identifiable class of individuals. *Id.* at 118, 554 N.E.2d at 1307. The Supreme Court concluded that a children services board was not protected from liability in an action brought on behalf of a child who suffered injuries as a result of the board's violation of R.C. 2151.421 because that section imposed a duty owed to that child:

"When CSB receives a report that a child is suspected of being abused or neglected, CSB has a duty under the statute to begin an investigation within twenty-four hours. The mandate is to take affirmative action on behalf of a specifically identified individual. This individual is a minor whom the General Assembly has determined to be a proper recipient of the specialized care and protection that only the state through its political subdivisions is able to provide in many instances." *Id.* at 119, 554 N.E.2d at 1308.

R.C. 2151.421 imposes a duty owed to a minor child who has allegedly been abused or neglected. It does not impose a duty to that child's grandparents or to any other member of the public who files a charge with a children services board. The Neuenschwanders' allegation that the defendants violated R.C. 2151.421, therefore, did not set forth a cause of action upon which relief could be granted to them under the theory of negligence *per se.* Accordingly, plaintiffs' first assignment of error is overruled.

## B

The Neuenschwanders' second assignment of error is that the trial court incorrectly concluded that they failed to state a claim for a declaratory judgment upon which relief could be granted. Pursuant to R.C. 2721.02, Ohio courts are provided jurisdiction to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." R.C. 2721.03 provides, in part, that persons "affected by" a statute "may have determined any question of construction or validity arising under such * * * statute * * * and obtain a declaration of rights, status, or other legal relations thereunder." In effect, the Neuenschwanders requested a declaratory judgment from the trial court construing R.C. 2151.421 as requiring the defendants to take action in response to their charge that their granddaughter was being abused. In order to be entitled to a declaratory judgment construing R.C. 2151.421, the Neuenschwanders would have had to have been "affected by" that statute. As discussed in regard to their first assignment of error, however, the duty imposed by R.C. 2151.421 is owed to the allegedly abused child, not to that child's grandparents or any other person who files a charge with the children services board. Accordingly, the Neuenschwanders did not have standing to seek a declaratory judgment construing R.C. 2151.421 and, accordingly, their request for such a declaratory judgment did not

present a justiciable controversy. The trial court correctly concluded, therefore, that they had failed to set forth a claim for declaratory relief upon which relief could be granted. Plaintiffs' second assignment of error is overruled.

## III

Plaintiffs' assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

REECE, P.J., and BAIRD, J., concur.