[Cite as *Smith v. Heslop, Inc.*, 2015-Ohio-3452.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| JERRY SMITH, et al. | | C.A. No. 27465 |
| Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| HESLOP, INC. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. CV 2013-07-3484 |

DECISION AND JOURNAL ENTRY

Dated: August 26, 2015

SCHAFER, Judge.

{¶1} Plaintiffs-Appellants J.S., a minor by and through his father Jerry Smith ("Father"), and Father (collectively, "Appellants") appeal the judgment of the Summit County Court of Common Pleas granting summary judgment in favor Defendant-Appellee Heslop, Inc. ("Heslop"). For the reasons set forth below, we affirm.

I.

{¶2} In September 2012, J.S., who was twelve at the time, lived in an apartment complex known as Studio City in Cuyahoga Falls which was owned and managed by Heslop. The complex consists of five buildings. The building at issue is located at 2255 Winter Parkway and was built in 1966. On September 6, 2012, around 7:00 p.m., J.S. and his friend, V.F. were walking their mutual friend A.F. home to her apartment located on the third floor of 2255 Winter Parkway. There is both an elevator and a stairwell in the building and the children took the elevator to the third floor. The three of them went down by A.F.'s door and A.F. and V.F.

indicated that they wanted to talk alone. A.F. and V.F. stood in the hallway and J.S. stayed outside the door in the stairwell. However, J.S. would occasionally poke his head out to see what A.F. and V.F. were doing and to "mess[] with them[.]" A.F. then "opened the door and started jogging after [J.S.]" J.S. began to jog down the hallway towards a dead end. The wall that created the dead end contained a window. J.S. kept looking behind him to see how close A.F. was to him, but was nonetheless aware of the window in front of him and had seen it on a prior occasion. A.F. pushed, tripped, or bumped into J.S., causing him to fall. As he was falling, J.S. put out his hand out to catch himself and his hand went through the plate glass window causing serious injury to his hand and wrist.

{¶3} Appellants subsequently filed a complaint against Heslop alleging that it was negligent in the maintenance and repair of the premises. Specifically, they alleged that Heslop installed a single pane of plate glass in the window at issue, as opposed to wired glass that was required by the Ohio Building Code. J.S. and Father asserted that Heslop's negligence was the proximate cause of J.S.'s injuries. Additionally, J.S. and Father raised a derivative loss of consortium claim.

{¶4} Heslop filed a motion for summary judgment asserting that the danger was open and obvious, the window did not proximately cause J.S.'s injuries, and that Heslop owed J.S. no duty from the unanticipated acts of J.S.'s friend. Appellants filed a combined motion in opposition and motion for summary judgment in which they alleged that the open and obvious doctrine was not applicable because Heslop committed negligence per se. Specifically, Appellants argued that Heslop violated its statutory landlord duties under R.C. 5321.04(A)(1)-(3) because the window at issue and the nearby staircase were not in compliance with the Ohio Building Code. In support of their position, Appellants submitted an expert's report from

registered architect Richard Zimmerman that detailed the alleged Ohio Building Code violations. Heslop submitted a reply and motion in opposition to Appellants' motion. Heslop attached its own expert report from registered architect Samuel Diaquila in which Mr. Diaquila maintained that the window at issue did not violate the Ohio Building Code. Furthermore, Heslop filed an additional motion for partial summary judgment on the issue of negligence per se. Appellants moved to strike Heslop's additional motion for partial summary judgment, but that motion was denied. Ultimately, the trial court granted summary judgment to Heslop and denied Appellants' motion for summary judgment.

{¶5} Appellants have appealed raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT/APPELLEE HESLOP, INC. AND IN OVERRULING THE MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF NEGLIGENCE AND THE MOTION TO STRIKE FILED BY JERRY SMITH, ET AL[.], PLAINTIFFS/APPELLANTS.

{¶6} Appellants assert in their sole assignment of error that the trial court erred in denying their motion to strike Heslop's motion for partial summary judgment on their claim for negligence per se, granting summary judgment to Heslop, and in denying their motion for summary judgment. We disagree.

A. Motion to Strike

{¶7} "A trial court's decision to grant a motion to strike will not be overturned on appeal absent an abuse of discretion. * * * [A]n abuse of discretion indicates that the trial court was unreasonable, arbitrary, or unconscionable in its ruling." (Internal citations and quotations omitted.) *Cooper v. BASF, Inc.,* 9th Dist. Summit No. 26324, 2013-Ohio-2790, ¶ 22. In

bringing their motion to strike Heslop's additional motion for summary judgment, Appellants asserted, without citing to any authority, that allowing the additional motion for summary judgment would allow Heslop too many "bites at the apple[.]" We note that, in that same motion, Appellants also responded in opposition to Heslop's partial motion for summary judgment, and so they were not deprived of an opportunity to counter the motion. Additionally, Heslop's motion was filed within the dispositive motion deadline set by the trial court. In light of these circumstances, the limited argument on appeal, and the discretion afforded to the trial court, we cannot conclude the trial court abused its discretion in denying Appellants' motion to strike.

### B. Motion for Summary Judgment

{¶8}    This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). "We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party." *Garner v. Robart*, 9th Dist. Summit No. 25427, 2011-Ohio-1519, ¶ 8. Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

> (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327 (1977). To succeed on a summary judgment motion, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "'must

set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 293, quoting Civ.R. 56(E).

{¶9} "To prevail in a negligence action, the plaintiff must show (1) the existence of a duty, (2) a breach of that duty, and (3) an injury proximately resulting from the breach." *Robinson v. Bates,* 112 Ohio St.3d 17, 2006-Ohio-6362, ¶ 21. Appellants' claim is for negligence per se based on Heslop's purported violations of the Landlord-Tenant Act. The relevant provision states that:

> A landlord who is a party to a rental agreement shall do all of the following:
>
> (1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;
>
> (2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;
>
> (3) Keep all common areas of the premises in a safe and sanitary condition[.]

R.C. 5321.04(A)(1)-(3). "Negligence per se lessens the plaintiff's burden only on the issue of the actor's departure from the standard of conduct required of a reasonable man. Such negligence makes the actor subject to liability * * * but it does not necessarily make him liable." (Internal quotations and citations omitted.) *Sikora v. Wenzel,* 88 Ohio St.3d 493, 497 (2000). "[T]he plaintiff will also have to prove proximate cause and damages." *Robinson* at ¶ 23.

{¶10} We must be mindful that "[t]he doctrine of negligence *per se* is applicable only when the purpose of the statute or rule is to protect a class of persons to which the plaintiff belongs *from the risk of the type of injury the plaintiff suffered.*" (Emphasis added.) *Bonds v. Ohio Dept. of Rehab. & Corr.*, 116 Ohio App.3d 144, 151 (10th Dist.1996). *Bonds* offers an illustrative example of this limitation on the negligence per se doctrine. There, the Department of Rehabilitation and Correct released a prisoner who then attacked the plaintiff. At the time of the prisoner's release, there was a valid detainer on him from the state of Florida. The plaintiff

brought a negligence per se claim against DRC, alleging that its violation of the Interstate Agreement on Detainers caused her injuries. The Tenth District Court of Appeals determined that the plaintiff could not recover on a negligence per se theory since "[t]he IAD's purpose is to protect prisoners against groundless and bad-faith detainers" and her injuries were too divergent from that purpose to show the existence of a duty to her. *Id.* at 153. We have similarly rejected the applicability of negligence per se and determined that no duty existed to the plaintiff under similar circumstances. *See, e.g.*, *Koczan v. Graham*, 9th Dist. Lorain No. 98CA007248, 2000 WL 1420342, * 4 (Sept. 27, 2000) (holding that negligence per se did not apply where "[t]he testimony on both sides established that the overloading of [the defendant]'s truck, although violative of R.C. 5577.02, did not violate a law designed to avoid the type of accident involved here"); *Neuenschwander v. Wayne Cty. Children Servs. Bd.*, 92 Ohio App.3d 767, 771 (9th Dist.1994) (holding that negligence per se did not apply where the relevant statute imposed a duty upon the defendant child services board to the minor child, not the minor child's relatives).

{¶11} In support of Appellants' claim, Mr. Zimmerman asserted that the window was in an exterior wall of a stairway enclosure and that the 1956 edition of the Ohio Building Code required that the window should have been smaller and of wired glass as opposed to the large single pane that was present at the time of J.S.'s injury. Additionally, they contend that because the glass was over seven square feet in area and could thus be mistaken for means of egress, it should have had a pushbar, protective grille, or been divided by a muntin, and had double-strength glass.[1] Specifically, Mr. Zimmerman relied on former Section BB-7-25.01(B) of the Ohio Building Code, and determined that because the window was in an exterior wall of a

---

[1] Additionally, Mr. Zimmerman pointed out several violations in the staircase itself; however, there is nothing in the record to suggest that those violations in anyway contributed to J.S.'s injury.

stairway enclosure, it was an opening in an "enclosure[] for vertical communications through [the] building[,]" making the opening a "Class B Opening[.]" Thus, he asserted that the window, as an "opening protective[,]" was subject to former Section BB-7-25(B) of the Ohio Building Code. That provision states as follows:

> Fire doors, fire windows, and other opening protectives are classified according to their fire-resistance ratings, established under section BB-07-03 OBC, as follows: * * * Class B opening protectives have a fire resistance [rating] of not less than [1.5] hours and may have not more than one wired glass panel which shall be not more than 12 inches in width or height and not more than 100 square inches in area, except that glass panels shall not be used in opening protectives for fire walls[.]"

{¶12} The language of this provision plainly indicates that, in the context of the Landlord-Tenant Act, it is intended to protect tenants from fire hazards. But, J.S. did not sustain his injuries from a fire hazard or while attempting to exit the building during a fire-related emergency. Instead, he sustained his injuries while engaged in horseplay and after his hand went through the glass window, which is an injury not contemplated by the cited provisions of the Building Code. Heslop had no duty under the Landlord-Tenant Act to protect J.S. from injuries suffered during horseplay by complying with Building Code provisions that relate to fire safety. As a result, because the purpose of the cited provision is not to protect J.S. or any other tenant against the injury J.S. suffered, the purported violation of this provision cannot give rise to a finding of negligence per se. *Compare Sikora*, 88 Ohio St.3d at 498 (finding that violation of R.C. 5321.04(A) could be negligence per se where the plaintiff suffered an injury during a deck collapse that was caused by violation of the building code's design and construction provisions).

{¶13} Since negligence per se does not apply in this matter, we conclude the trial court properly awarded summary judgment to Heslop and denied Appellants' motion for summary judgment. Accordingly, we overrule Appellants' sole assignment of error.

III.

**{¶14}** In light of the foregoing, we affirm the judgment of the Summit County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JAMES J. GUTBROD, Attorney at Law, for Appellants.

BRIAN D. SULLIVAN, ANTHONY M. CATANZARITE, and GREGORY G. GUICE, Attorneys at Law, for Appellee.