[Cite as *Smrtka v. Boote*, 2017-Ohio-1187.]

STATE OF OHIO         )                  IN THE COURT OF APPEALS
                           )ss:               NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

PHILIP SMRTKA                       C.A. No.     28057

      Appellant

      v.                                    APPEAL FROM JUDGMENT
                                    ENTERED IN THE
MARVIN L. BOOTE, et al.          COURT OF COMMON PLEAS
                                    COUNTY OF SUMMIT, OHIO
      Appellee                   CASE No.     CV 2014-09-4146

DECISION AND JOURNAL ENTRY

Dated: March 31, 2017

---

CALLAHAN, Judge.

{¶1} Appellant, Philip Smrtka, appeals the judgment of the Summit County Court of Common Pleas granting summary judgment to Appellee, Gary Domanick, D.C., dba Richfield Chiropractic Center. For the reasons set forth below, this Court affirms.

I.

{¶2} Dr. Domanick is a chiropractor. Mr. Smrtka, Marvin and Marcia Boote, and their dog, Luke, are all patients of Dr. Domanick. On the day of the incident, Mrs. Boote and Luke were in the waiting room awaiting chiropractic treatment. As Mr. Smrtka was leaving Dr. Domanick's office, he attempted to pet Luke's chin, and was bit on the hand.

{¶3} At issue before this Court are Mr. Smrtka's claims against Dr. Domanick for negligence, chiropractic malpractice, and negligence per se. Each claim against Dr. Domanick is based upon Luke biting Mr. Smrtka's hand.

{¶4} Mr. Smrtka filed a partial motion for summary judgment as to his claims for negligence and negligence per se. Dr. Domanick filed a cross-motion for summary judgment as to all three claims. The trial court denied Mr. Smrtka's partial motion for summary judgment and granted Dr. Domanick's motion for summary judgment.

{¶5} Mr. Smrtka timely appeals, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO DEFENDANT/APPELLEE GARY DOMANICK, D.C., dba RICHFIELD CHIROPRACTIC CENTER, AND IN OVERRULING THE MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF NEGLIGENCE FILED BY PLAINTIFF/APPELLANT PHILIP SMRTKA. IN PARTICULAR, THE TRIAL COURT ENGAGED IN FINDING FACTS AND WEIGHING THE EVIDENCE RATHER THAN FOLLOWING SUMMARY JUDGMENT PROCEDURE.

**Standard of Review**

{¶6} Appellate courts consider an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). This Court uses the same standard that the trial court applies under Civ.R. 56(C), viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983). Accordingly, this Court stands in the shoes of the trial court and conducts an independent review of the record.

{¶7} Summary judgment is proper under Civ.R. 56 when: (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the non-moving party,

reasonable minds can only reach one conclusion, and that conclusion is adverse to the non-moving party. Civ.R. 56(C); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶8} Summary judgment consists of a burden-shifting framework. The movant bears the initial burden of demonstrating the absence of genuine issues of material fact concerning the essential elements of the nonmoving party's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). *Id.* at 292-93. Once the moving party satisfies this burden, the non-moving party has a reciprocal burden to "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 293. The non-moving party may not rest upon the mere allegations or denials in his pleadings, but instead submit evidence as outlined in Civ.R. 56(C). *Id.* at 293; Civ.R. 56(E).

{¶9} "In ruling on a motion for summary judgment, a trial court may not weigh the evidence and determine issues of fact." *Horner v. Elyria*, 9th Dist. Lorain No. 13CA010420, 2015-Ohio-47, ¶ 10. It also may not determine the credibility of the evidence. *Turner v. Turner*, 67 Ohio St.3d 337, 341 (1993). Rather, the trial court must examine the evidence, taking all permissible inferences and resolving questions of credibility in favor of the non-moving party. *Dupler v. Mansfield Journal Co., Inc.*, 64 Ohio St.2d 116, 121 (1980).

{¶10} Mr. Smrtka and Dr. Domanick filed cross-motions for summary judgment on the claims of negligence and negligence per se. Mr. Smrtka's partial motion was limited to the elements of duty and breach of duty.

{¶11} Because he was only seeking partial summary judgment, Mr. Smrtka argues the trial court improperly analyzed the proximate cause element with respect to his motion. He also argues the trial court incorrectly weighed the evidence, and wrongly made reasonable inferences

in favor of Dr. Domanick when addressing Dr. Domanick's summary judgment motion. While Smrtka is correct, these errors were not detrimental. The trial court's analysis and determination of proximate cause was superfluous in light of its findings that Dr. Domanick did not owe a common law duty (negligence) or a statutory duty (negligence per se) to Mr. Smrtka.

**<u>Negligence</u>**

{¶12} To prevail on a claim of negligence, Mr. Smrtka must establish the existence of a duty, a breach of the duty, and an injury proximately resulting from the breach of duty. *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984). Whether a duty exists is a question of law. *Williams v. Garcias,* 9th Dist. Summit No. 20053, 2001 WL 111580, *2 (Feb. 7, 2001). In premises liability cases, the relationship between the owner of the premises and the injured party determines the duty owed. *Hidalgo v. Costco Wholesole Corp.*, 9th Dist. Lorain No. 12CA010191, 2013-Ohio-847, ¶ 7. Here, the parties agree Mr. Smrtka was a business invitee.

{¶13} "A shopkeeper ordinarily owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, ¶ 5, citing *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203 (1985). An owner, however, owes no duty to warn business invitees of open and obvious dangers on the premises. *Paschal* at 203. Open and obvious dangers are discoverable upon ordinary inspection. *Zambo v. Tom-Car Foods*, 9th Dist. Lorain No. 09CA009619, 2010-Ohio-474, ¶ 8. An open and obvious danger is itself a warning and the owner "may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644 (1992). The open and obvious doctrine is a complete bar to any negligence claim. *Armstrong* at ¶ 5.

{¶14}  In cases involving an open and obvious danger, "[i]t is only where it is shown that the owner had superior knowledge of the particular danger which caused the injury that liability attaches, because in such a case the invitee may not reasonably be expected to protect himself from a risk he cannot fully appreciate." *LaCourse v. Fleitz*, 28 Ohio St.3d 209, 210 (1986). Superior knowledge applies, not only to a duty to warn about dangers, but also to a duty to keep the premises safe. *Debie v. Cochran Pharmacy-Berwick, Inc.*, 11 Ohio St.2d 38, 40 (1967), quoting 38 American Jurisprudence, Negligence, Section 97, at 757. "[T]he liability of an owner or occupant to an invitee for negligence in failing to render the premises reasonably safe for the invitee, or in failing to warn him of dangers thereon, must be predicated upon a superior knowledge concerning the dangers of the premises to persons going thereon." *Id.*

{¶15}  Mr. Smrtka and Dr. Domanick rely upon two different rationales regarding the element of duty. Mr. Smrtka argues that Dr. Domanick owed him a duty to the keep the premises safe by complying with the statutes and his self-imposed rules.  Mr. Smrtka contends Dr. Domanick breached that duty by allowing Luke in the office.  Thus, Dr. Domanick had superior knowledge of a dangerous condition, Luke's mere presence, in the office.  Dr. Domanick argues that he did not owe Mr. Smrtka a duty because Luke's presence in the office was an open and obvious condition and Dr. Domanick did not possess superior knowledge of a particular danger posed by Luke.  After reviewing the record and the general duty element of negligence and the invitee duty standard, this Court finds that Dr. Domanick owed no duty to Mr. Smrtka and possessed no superior knowledge regarding a danger on the premises.

{¶16}   As he was leaving Dr. Domanick's office, Mr. Smrtka observed Luke in the waiting area sitting calmly on his haunches between Mrs. Boote's legs and wearing a leash.  Mr. Smrtka testified he "had heard rumors about Luke being around for seven, eight months and I

assumed if he's in and out of the office he's got to be a cool dog, friendly dog, and there is Luke * * *. And I just went up to him." Mr. Smrtka explained that he is a lifelong dog owner and, drawing on his experiences, he knows all dogs have different personalities, temperaments, and levels of friendliness.

{¶17} Mr. Smrtka had knowledge that a dog had been in Dr. Domanick's office on prior occasions. Moreover, Mr. Smrtka saw Luke as he was leaving Dr. Domanick's office and, knowing all dogs react differently, approached Luke. Accordingly, Luke's presence at the chiropractic office was an open and obvious danger to Mr. Smrtka. Whether Luke was properly on the premises does not change that fact. Mr. Smrtka's claims that Dr. Domanick had a duty to keep Luke off the premises are negated by the open and obvious doctrine.

{¶18} Further, there is no evidence that Dr. Domanick had superior knowledge that Luke presented any danger to others in the office. Both Mr. Smrtka and Dr. Domanick shared the same knowledge regarding Luke coming to the office on prior occasions and being present on that day.

{¶19} Additionally, while it was subsequently learned that Luke had previously bitten a person (not at Dr. Domanick's office), Mr. and Mrs. Boote never disclosed that information to Dr. Domanick. While Dr. Domanick had previously treated Luke, he did not have any knowledge that Luke had any aggressive tendencies. Therefore, Dr. Domanick had the same level of knowledge regarding Luke's temperament as Mr. Smrtka.

{¶20} Mr. Smrtka presented no evidence that Dr. Domanick possessed superior knowledge regarding Luke's disposition, propensity to bite people, or any other particular danger posed by Luke. *See Croley v. Moon Ent., Inc.,* 118 Ohio Misc.2d 151, 157 (C.P.2001) (Although a statutory dog-bite case, the court held the owner was not liable to the business invitee because

the owner had no superior knowledge that the dog had ever bitten anyone and was a danger). In the absence of superior knowledge of any particular danger posed by Luke, Dr. Domanick owed no duty to Mr. Smrtka.

{¶21} Accordingly, the trial court did not err by granting summary judgment in favor of Dr. Domanick as against Mr. Smrtka on his claim of negligence.

## Chiropractic Malpractice

{¶22} Under Ohio law, in order to present a prima facie claim of medical malpractice, a plaintiff must establish: (1) the standard of care, as generally shown through expert testimony; (2) the failure of defendant to meet the requisite standard of care; and (3) a direct causal connection between the medically negligent act and the injury sustained. *Bruni v. Tatsumi*, 46 Ohio St.2d 127, 130 (1976). "It is well settled in Ohio that in order to prevail in a medical malpractice claim, a plaintiff must demonstrate through expert testimony that, among other things, the *treatment provided* did not meet the prevailing standard of care." (Emphasis added.) *Ramage v. Cent. Ohio Emergency Servs., Inc.*, 64 Ohio St.3d 97, 102 (1992). Chiropractic malpractice applies the same elements and rules as a medical malpractice claim. *See Nye v. Ellis*, 5th Dist. Licking No. 09-CA-0080, 2010-Ohio-1462, ¶ 33-34. The statute defines a "[c]hiropractic claim" as:

> any claim that is asserted in any civil action against a chiropractor, or against any employee or agent of a chiropractor, and that arises out of the chiropractic diagnosis, care, or treatment of any person. "Chiropractic claim" includes derivative claims for relief that arise from the chiropractic diagnosis, care, or treatment of a person.

R.C. 2305.113(E)(9).

{¶23} A review of the record and the trial court's judgment entry reflects that Mr. Smrtka did not seek summary judgment as to his claim for chiropractic malpractice. Only Dr.

Domanick moved for summary judgment on the chiropractic malpractice claim. Accordingly, viewing the evidence most strongly in favor of Mr. Smrtka, reasonable minds can only reach one conclusion, and that conclusion is adverse to Mr. Smrtka.

{¶24} In response to Dr. Domanick's motion for summary judgment on the chiropractic malpractice claim, Mr. Smrtka asserts that a genuine issue of material fact exists because there are opposing expert affidavits as to the standard of care of a chiropractor. While there is opposing expert testimony, the scope of the testimony does not raise genuine issues of material fact as to a chiropractic malpractice claim.

{¶25} In this case, Mr. Smrtka's expert, Dr. Hartle, opined that Dr. Domanick breached the standard of care for a chiro-vet in two ways: 1.) Dr. Domanick did not follow protocol in the treatment of animals with regard to the creation and retention of records between chiropractors and veterinarians, and 2.) Dr. Domanick allowed animals and humans to be in the same room. Notably, none of Dr. Hartle's criticisms address the chiropractic treatment received by Mr. Smrtka.

{¶26} Dr. Domanick's expert, Dr. Ault, opined that Dr. Domanick's services rendered to Luke did not exceed the scope of chiropractic practice in Ohio. Additionally, Dr. Ault is of the opinion that Dr. Domanick's conduct in this case, with respect to Luke, was in accordance with the proper and accepted standards of chiropractic care and he did not engage in veterinary medicine when Luke appeared in his office. Similarly, Dr. Ault's opinions do not address the chiropractic treatment rendered to Mr. Smrtka.

{¶27} While Drs. Hartle and Ault have differing expert opinions, neither opined as to Dr. Domanick's chiropractic treatment of Mr. Smrtka. Thus, the conflicting opinions do not create a genuine issue of material fact as to a breach of the standard of chiropractic care. To the

contrary, these expert affidavits demonstrate an absence of expert testimony regarding Dr. Domanick's chiropractic treatment and any breach of the standard of care.

{¶28} Further, Mr. Smrtka did not testify as to any negligence by Dr. Domanick regarding the chiropractic treatment he received. In fact, Mr. Smrtka testified that he was satisfied with Dr. Domanick's care and treatment, he continued his chiropractic treatment with Dr. Domanick after the dog bite incident, and this lawsuit was not about Dr. Domanick's care and treatment of him.

{¶29} Once Dr. Domanick met his initial burden, Mr. Smrtka, as the non-moving party, was required to produce evidence that a genuine issue existed to be litigated at trial. Specifically, Mr. Smrtka needed to produce expert testimony that Dr. Domanick's treatment of him did not meet the prevailing standard of care. Dr. Hartle's expert opinion does not contain any statements critical of the treatment rendered to Mr. Smrtka. Instead, Dr. Hartle is critical of Dr. Domanick's paperwork regarding the treatment of Luke and his allowing animals and humans in the same room. Neither criticism involves Mr. Smrtka's chiropractic treatment. Nor was Mr. Smrtka receiving treatment at the time he was present in the waiting area with Luke. Accordingly, Mr. Smrtka has not met the standard set forth in *Dresher* in showing that there are genuine factual issues remaining to be litigated as to the chiropractic malpractice claim.

{¶30} Mr. Smrtka argues his dog bite injury is a derivative chiropractic claim. Relying upon *Rome v. Flower Mem. Hosp.*, 70 Ohio St.3d 14 (1994), Mr. Smrtka asserts a dog bite injury occurring in a chiropractic office is akin to cases where hospitals are liable for dropping a patient while moving the patient from a gurney to a bed.

{¶31} A chiropractic derivative claim arises from "chiropractic diagnosis, care, or treatment of a person." R.C. 2305.113(E)(9). " 'Care' " under this statute means " 'the

prevention or alleviation of a physical or mental defect or illness,' " while " 'treatment' " is defined as the " 'identification and alleviation of a physical or mental illness, disease, or defect.' " *Rome* at 16, quoting *Browning v. Burt*, 66 Ohio St.3d 544, 557 (1993).

{¶32} The dog bite incident in this case is distinguishable from incidents where patients are dropped. When a patient is dropped during transportation, the patient is under the care or treatment of a medical professional. In this case, Mr. Smrtka's chiropractic session had concluded. He had left the exam room and walked to the coat rack to retrieve his coat. He was in the process of exiting the building when he deviated from his route, stopped to pet Luke, and was bit. At the time Mr. Smrtka was bit, he was not under the care of Dr. Domanick nor was he receiving any chiropractic treatment. *See Hill v. Wadsworth-Rittman Area Hosp.*, 185 Ohio App.3d 788, 2009-Ohio-5421, ¶ 3-4, 17 (9th Dist.) (injuries incurred from a post-discharge fall from a wheelchair on hospital's premises did not involve a medical claim). Thus, the dog bite injury is neither a derivative claim nor a chiropractic claim.

{¶33} Accordingly, the trial court did not err by granting summary judgment on the chiropractic malpractice claim in favor of Dr. Domanick as against Mr. Smrtka.

**Negligence Per Se**

{¶34} As addressed above, a negligence claim requires proof of the existence of a duty of care and a breach of such duty of care, which proximately causes damages. *Armstrong*, 2003-Ohio-2573, ¶ 8. A duty may be established by common law, legislative enactment, or based on the facts and circumstance of the case. *Eisenhuth v. Moneyhon*, 161 Ohio St. 367 (1954), paragraph one of the syllabus. The failure to perform a duty imposed by legislative enactment is negligence per se. *Id.* at paragraph two of the syllabus. While negligence per se means the

plaintiff has conclusively established a breach of a duty owed, the plaintiff must still prove proximate cause and damages. *Chambers v. St. Mary's School*, 82 Ohio St.3d 563, 565 (1998).

{¶35} Mr. Smrtka asserts that he did not use the phrase negligence per se in his complaint and he "never contended that Dr. Domanick's duty to him arose under [the] statute, * * *." Mr. Smrtka nonetheless alleged facts in the complaint giving rise to a negligence per se claim stating, "Defendant Domanick exceeded the scope of practice of a chiropractor by providing medical care and treatment to an animal."

{¶36} Further, in his motion for summary judgment Mr. Smrtka quoted and discussed at length the statutes, how Dr. Domanick violated the statutes, and the application of negligence per se:

> Dr. Domanick is in violation of section 4734.15 as to the scope of practice of chiropractic, and is in violation of section 4741.19 involving the practice of veterinary medicine without a license. In so doing, Dr. Domanick is negligent *per se*.

(Emphasis sic.) The above sentences conform to the language Mr. Smrtka used in his complaint. Further, in his reply brief in support of summary judgment, Mr. Smrtka stated, "Defendant Domanick was negligent *per se*, or simply negligent." (Emphasis sic.) Accordingly, the record reflects Mr. Smrtka asserted a cause of action and pursued partial summary judgment on negligence per se.

{¶37} A negligence per se claim is not appropriate when "the legislative enactment in question does not define a civil liability but instead only 'makes provision to secure the safety or welfare of the public.' " *Moreland v. Oak Creek OB/GYN, Inc.*, 2d Dist. Montgomery No. 20468, 2005-Ohio-2014, ¶ 34, quoting *Eisenhuth*, 161 Ohio St. at 373.

{¶38} In a negligence per se claim, it is insufficient for the plaintiff merely to prove the defendant violated a statute and that the violation resulted in harm to the plaintiff.

*Neuenschwander v. Wayne Cty. Children Servs. Bd.*, 92 Ohio App.3d 767, 770 (9th Dist.1994). Rather, the plaintiff must demonstrate that the duty set forth in the statute was imposed for the plaintiff's benefit to prevent the harm that ultimately resulted. *Id.*, quoting *Hocking Valley Ry. Co. v. Phillips*, 81 Ohio St. 453, 462 (1910). The plaintiff must "fall within the class of individuals that statute was designed to protect." *Neuenschwander* at 770.

{¶39} Mr. Smrtka argues that Dr. Domanick violated R.C. 4734.15, Powers of license holders, and R.C. 4741.19, Practice without a license, by providing care and treatment to Luke. Dr. Domanick counters that Mr. Smrtka lacks standing to bring a negligence per se claim under these statutes.

{¶40} R.C. 4734.15 sets forth the scope of practice for a chiropractor. Because R.C. 4734.15 does not include the treatment of animals, Mr. Smrtka argues Dr. Domanick exceeded the scope of practice. This and the corresponding statutes in Chapter 4734 of the Ohio Revised Code governing chiropractors do not contain language defining civil liability for a chiropractor who exceeds the scope of practice by treating a dog. This statute only makes provisions for the safety and welfare of the public by regulating the practice of chiropractors and does not create a basis for liability to individual patients. *See Moreland*, 2005-Ohio-2014, at ¶ 33.

{¶41} R.C. 4741.19 defines allied medical support to a veterinarian and prohibits veterinarian practice without a license. Mr. Smrtka contends Dr. Domanick is in violation of the allied medical support provision and thereby practicing veterinarian medicine without a license. Similarly, this statute and Chapter 4741of the Ohio Revised Code governing veterinarians do not contain language defining civil liability for a violation of these statutes. R.C. 4741.19 only makes provisions for the safety and welfare of the public by regulating the practice of

veterinarians and does not create a basis for liability to individual patients. *See Moreland* at ¶ 33.

{¶42} Further, a review of these statutes reveals the duties imposed are not for the benefit of Mr. Smrtka. As to R.C. 4734.15, the duty relative to the scope of chiropractic practice is owed to the licensing board. The duties regarding allied medical support and unauthorized veterinarian practice contained in R.C. 4741.19 are owed to the licensing board.

{¶43} Mr. Smrtka has failed to set forth a cause of action for negligence per se, because the statutes do not impose any civil liability for violations, nor any duties protecting Mr. Smrtka. Accordingly, the trial court did not err by granting summary judgment on the negligence per se claim in favor of Dr. Domanick as against Mr. Smrtka.

### III.

{¶44} Mr. Smrtka's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.


LYNNE S. CALLAHAN
FOR THE COURT


HENSAL, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

JAMES J. GUTBROD, Attorney at Law, for Appellant.

VICTORIA L. VANCE and MICHAEL J. RUTTINGER, Attorneys at Law, for Appellee.

MARK S. HURA, Attorney at Law, for Appellee.