[Cite as *Briggs v. Turoczi*, 2022-Ohio-4042.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| MARY BRIGGS, | **CASE NO. 2022-G-0005** |
| Plaintiff-Appellant, | |
| - vs - | Civil Appeal from the<br>Chardon Municipal Court |
| TIMEA F. TUROCZI, et al., | |
| Defendants-Appellees. | Trial Court No. 2021 CVH 00421 |

**O P I N I O N**

Decided: November 14, 2022
Judgment: Affirmed

*Mary Briggs*, pro se, 8318 Music Street, Chagrin Falls, OH 44022 (Plaintiff-Appellant).

*David J. Hudak* and *Brian D. Sullivan*, Reminger Co., LPA, 101 West Prospect Avenue, Suite 1400, Cleveland, OH 44115 (For Defendant-Appellee, Timea F. Turoczi).

*Christine Santoni* and *Brianna M. Prislipsky*, Reminger Co., LPA, 101 West Prospect Avenue, Suite 1400, Cleveland, OH 44115 (For Defendants-Appellees, William P. Fikter, MD and Genesis Counseling Center, Inc.).

THOMAS R. WRIGHT, P.J.

{¶1}   Appellant Mary Briggs, pro se, appeals the trial court's judgment granting the supplemental motions for judgment on the pleadings filed by appellees, Timea F. Turoczi, William P. Fikter, MD, and Genesis Counseling Center, Inc., and dismissing the complaint for failure to state a claim upon which relief can be granted.  We affirm.

{¶2}   In May 2021, appellant filed a pro se complaint against appellees alleging one count, which she captioned, "Breach of safety and Failure to communicate accurately

with a client, failure to follow Mandatory Reporting Procedures of Elder Abuse." Appellant's claim arises out of the psychiatric care and treatment received by an acquaintance of hers (herein referred to as "Patient") at Genesis Counseling Center from Dr. William P. Fikter, a psychiatrist, and Timea F. Turoczi, a nurse practitioner.

{¶3} According to the complaint, appellant lived with Patient for a period of time in 2020. Appellant describes herself as Patient's caregiver. Appellant's allegation is that appellees failed to properly manage Patient's care, that she was subjected to elder abuse by Patient as a result, and that appellees failed to report said abuse. Specifically, appellant alleges that Nurse Turoczi failed to properly manage Patient's prescription drugs, which caused a change in Patient's behavior, including abusing her; that Genesis failed to have proper reporting protocols in place for elder abuse; and that Dr. Fikter may be liable due to his position and lack of supervision of Nurse Turoczi.

{¶4} Appellees answered the complaint and filed motions for judgment on the pleadings, arguing that (1) appellant failed to attach an affidavit of merit to her complaint; (2) appellant did not have standing to bring suit arising out of medical care that she did not personally receive; and (3) appellant failed to state a claim upon which relief could be granted. Appellant responded in opposition, and the trial court granted appellant 45 days to file an affidavit of merit in support of her complaint.

{¶5} On December 2, 2021, appellant filed an "affidavit of merit" from Walter P. Knake Jr., Ph.D., a clinical psychologist. Appellees filed supplemental motions for judgment on the pleadings, arguing again that (1) appellant does not have standing to bring medical claims against them; and that (2) the affidavit of merit does not comply with Civ.R. 10(D)(2). Specifically, they contend the affidavit of merit is insufficient because

2

Walter P. Knake Jr., Ph.D., is not a psychiatrist and does not practice in the same or a substantially similar practice; it does not certify that he spent more than one half of his professional time in active clinical practice; it does not address all defendants; and it does not demonstrate that any particular defendant breached the standard of care. For these reasons, appellees requested that the complaint be dismissed for failure to state a claim upon which relief can be granted.

{¶6} On January 11, 2022, the trial court summarily granted appellees' supplemental motions for judgment on the pleadings and dismissed appellant's complaint "for failure to state a claim upon which relief can be granted."

{¶7} Appellant appeals and raises two assignments of error, which we consolidate for review:

> [1.] The trial court dismissed this case in error as the Mandatory Reporting of Elder Abuse has nothing to do with a medical claim, has nothing to do with an Affidavit of Merit and was part of the claim for relief and everything to do with the laws of this State of Ohio. As ORC 5101.63 and ORC 5101.99 establishes.

> [2.] Ohio Administrative Code Rules 4723-8-04, 4723-9-10, and 4723-9-12 were breached by defendants directly resulting in harm done to Plaintiff, Mary Briggs, by Mr. Link.

{¶8} Civ.R. 12(C) motions are specifically for resolving questions of law, and determination of the motion is strictly based on the allegations in the pleadings. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166, 297 N.E.2d 113 (1973). Accordingly, appellate review is de novo. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 664 N.E.2d 931 (1996).

{¶9} Civ.R. 12(C) provides that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." "'[A]

3

motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted.'" *Orwell Nat. Gas Co. v. Fredon Corp.*, 2015-Ohio-1212, 30 N.E.3d 977, ¶ 18 (11th Dist.), quoting *Gawloski v. Miller Brewing Co.,* 96 Ohio App.3d 160, 163, 644 N.E.2d 731 (9th Dist.1994).

{¶10} "Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." (Citation omitted.) *Midwest* at 570. "Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." (Citation omitted). *Id.*

{¶11} Civ.R. 10(D)(2)(a) requires that any complaint containing a medical claim, as defined in R.C. 2305.113, "shall be accompanied by one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." "Affidavits of merit shall include all of the following:

> (i) A statement that the affiant has reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint;
>
> (ii) A statement that the affiant is familiar with the applicable standard of care;
>
> (iii) The opinion of the affiant that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff.

Civ.R. 10(D)(2)(a).

{¶12} "An affidavit of merit is required to establish the adequacy of the complaint * * * [and a]ny dismissal for the failure to comply with this rule shall operate as a failure

4

otherwise than on the merits." Civ.R. 10(D)(2)(d). The purpose of this pleading rule is "to deter the filing of frivolous medical-malpractice claims" and "to place a heightened pleading requirement on parties bringing medical claims." *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147, ¶ 10, ¶ 12.

{¶13} Here, in their supplemental motions for judgment on the pleadings, appellees argued that appellant's affidavit of merit did not comply with the requirements of Civ.R. 10(D)(2)(a). The trial court did not specifically rule on this issue when it dismissed the complaint for failure to state a claim upon which relief can be granted. Appellant's first assigned error, however, is limited to an argument that hers is not a medical claim, and therefore no affidavit of merit was required. The definition of "medical claim," as provided in R.C. 2305.113(E)(3),

> means any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital, home, or residential facility, or against a * * * advanced practice registered nurse, * * *, and that arises out of the medical diagnosis, care, or treatment of any person. 'Medical claim' includes * * *:
>
> (a) Derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person[.]

"'Derivative claims for relief' include, but are not limited to, *claims of a parent, guardian, custodian, or spouse* of an individual who was the subject of any medical diagnosis, care, or treatment * * * that arise from that diagnosis, care, treatment, or operation, and that seek the recovery of damages for any of the following:

> (a) Loss of society, consortium, companionship, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, or education, or any other intangible loss *that was sustained by the parent, guardian, custodian, or spouse*;

5

(b) *Expenditures of the parent, guardian, custodian, or spouse* for medical * * * care or treatment, for rehabilitation services, or for other care, treatment, services, products, or accommodations provided to the individual who was the subject of the medical diagnosis, care, or treatment * * *.

(Emphasis added.)  R.C. 2305.113(E)(7).

{¶14}  In her complaint, appellant stated her cause of action, in part, as "failure to follow Mandatory Reporting Procedures of Elder Abuse" by Patient, which caused harm to her.  Although not cited in her complaint, in her appellate brief appellant refers to R.C. 5101.63 and 5101.99, which govern the "duty to report suspected abuse, neglect, or exploitation of adult"—a mandatory duty for, inter alia, individuals authorized to practice medicine, licensed nurses, and employees of outpatient health facilities—and the fine for violating said duty.  Thus, appellant has alleged breach of a duty to report abuse of an adult.

{¶15}  While R.C. 5101.63 sets forth a specific duty to report knowledge or suspicions of adult abuse, a plaintiff bears the burden of showing that he or she falls within the class of individuals the statute was designed to protect.  *See, e.g., Neuenschwander v. Wayne Cty. Children Serv. Bd.*, 92 Ohio App.3d 767, 770, 637 N.E.2d 102 (9th Dist.1994), citing *Hocking Valley Ry. Co. v. Phillips*, 81 Ohio St. 453, 462, 91 N.E. 118 (1910).  The duty to report knowledge or suspicion of adult abuse under R.C. 5101.63 is owed to "any person sixty years of age or older within this state who is handicapped by the infirmities of aging or who has a physical or mental impairment which prevents the person from providing for the person's own care or protection, and who resides in an independent living arrangement."  R.C. 5101.60(C) (defining "adult" as used in sections 5101.60 to 5101.73 of the Revised Code).

6

Case No. 2022-G-0005

{¶16} Here, appellant alleged that she was harmed by appellees because Patient abused her, and appellees failed to report it. However, appellant did not allege in her complaint that she is sixty years of age or older, that she is handicapped by the infirmities of aging, or that she has a physical or mental impairment. She, in fact, holds herself out as Patient's caregiver during the relevant time period. Accordingly, even if we accept appellant's argument that this allegation does not constitute a "medical claim," and thus did not require an affidavit of merit, the trial court did not err in concluding she failed to state a claim upon which relief can be granted.

{¶17} The first assigned error is without merit.

{¶18} In her second assigned error, appellant contends the trial court erred in dismissing her complaint because she alleged that appellees breached the standard of care in their treatment of Patient. Specifically, she asserts that appellees violated the following Ohio Administrative Code provisions: section 4723-8-04 (requiring a "standard care arrangement" be entered into with each physician with whom a certified nurse practitioner collaborates); chapter 4723-9 (providing for the "prescriptive authority" of the nursing board); section 4723-9-10 (governing the formulary and standards of prescribing for certified nurse practitioners); and section 4723-9-12 (governing the standards and procedures for review of the Ohio automated RX reporting system).

{¶19} Appellant has not alleged facts demonstrating that she has standing to argue that appellees' treatment of Patient breached the standard of care. *See, e.g., Williams v. Griffith*, 10th Dist. Franklin No. 09AP-28, 2009-Ohio-4045, ¶ 12, citing *State ex rel Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 77, 701 N.E.2d 1002 (1998) ("A civil action must be asserted by the real party in interest because a party who is not the real

7

party in interest lacks standing to prosecute the action."). She alleges no facts necessary to demonstrate that she has standing to bring a derivative claim. *See* R.C. 2305.113(E)(7) ("derivative claims for relief" are claims of a parent, guardian, custodian, or spouse). Nor does appellant have the capacity as a practicing attorney to maintain the claim as it pertains to any alleged injury Patient may have suffered. *See, e.g., Williams* at ¶ 11-16.

{¶20} Accordingly, the second assigned error is also without merit.

{¶21} Construing the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of appellant as true, appellant could prove no set of facts in support of her claim that would entitle her to relief. Appellees were entitled to judgment as a matter of law, and the trial court did not err in dismissing appellant's complaint.

{¶22} The judgment of the Chardon Municipal Court is affirmed.


CYNTHIA WESTCOTT RICE, J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2022-G-0005